# UNITED STATES DISTRICT COURT

for the
Eastern District of New York

**MARY VERONICA GILLIGAN**

               Plaintiff,

--against --

**THE UNITED STATES OF AMERICA and the
THE UNITED STATES POSTAL SERVICE,**

               Defendants.

)
)
)
)

Civil Action
No._____

## SUMMONS IN A CIVIL ACTION

To:    THE UNITED STATES OF AMERICA and
      THE UNITED STATES POSTAL SERVICE
      C/O THE UNITED STATES ATTORNEY GENERAL
      950 Pennsylvania Avenue NW
      Washington, DC 20530-0001

      THE UNITED STATES POSTAL SERVICE
      C/O POSTMASTER GENERAL
      475 L'Enfant Plaza SW
      Washington, DC 20260-0004

**A lawsuit has been filed against you.**

      Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney whose name and address are:

**Sean W. Schaefer, Esq., (5732)
Peknic, Peknic & Schaefer, LLC
1005 West Beech Street
Long Beach, New York 11561
(516) 432-9400**

      If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:    July 29, 2014

                                    _____
                                        Name of clerk of court

                                    _____
                                        Deputy clerk's  signature

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

**MARY VERONICA GILLIGAN,**                                    Civil Action No.:

Plaintiff,

--against--
                                                              **CIVIL COMPLAINT**
                                                              **WITH JURY DEMAND**

**THE UNITED STATES OF AMERICA and**
**THE UNITED STATES POSTAL SERVICE**

Defendants.
-----------------------------------------------------------------X

The plaintiff, MARY VERONICA GILLIGAN, by her attorneys, PEKNIC, PEKNIC

& SCHAEFER, complaining of the defendants herein, respectfully shows to this Court

and alleges as and for her Verified Complaint as follows:


## NATURE OF THE ACTION

1.      This action is brought to recover damages for the serious personal

injuries sustained by plaintiff as a result of defendant's negligence.


## JURISDICTION AND VENUE

2.      These claims arise under the provisions of the Federal Tort Claims Act

(FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, and as is more fully described in the

complaint.

3.      Jurisdiction of the Court is invoked under the following statute: Federal

Tort Claims Act, 28 U.S.C. §§ 1331, 1346, and 1367.

4.      Venue is proper in this Judicial District pursuant to 28 USC § 1402 and 28

U.S.C. § 1391(b)(2), as the plaintiff resides in this District and the acts and omissions

complained of occurred in the Eastern District of New York.

5.      Pursuant to Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), the

defendants' liability will be determined by the laws of the State of New York.

6. Pursuant to 28 U.S.C. § 2674, the defendants' liability is in the same manner and to the same extent as private individuals under like circumstances.

## CONDITIONS PRECEDENT TO SUIT

7. Pursuant to 28 U.S.C § 2401(b), within two years of accrual of the plaintiff's claim, more specifically on June 27, 2012, prior to the commencement of this action, the plaintiff duly presented, served and filed Standard Form 95 "Claim for Damage, Injury or Death" in writing, verified and acknowledged upon the defendant, United States Postal Service, setting forth the name and post office address of the claimant and her attorneys, the nature of the claim, the time when, the place where, and the manner in which the claim arose.

8. That prior to the commencement of this action and on or about October 17, 2013, the United States Postal Service's Accident/Claims Investigation office denied settlement of this claim.

9. That prior to the commencement of this action, and within six months of the denial of the administrative claim, a request for reconsideration was served upon the United States Postal Service.

10. Receipt of plaintiff's Request for Reconsideration was noted via Postal Service correspondence dated February 4, 2014. In the interim, numerous communications were had between the office of the undersigned and the United States Postal Service's Accident/Claims Investigation Office to no avail. A Final Denial Letter on Plaintiff's Request for Reconsideration pursuant to 39 C.F.R. 912.9(a) has not yet been served upon Plaintiff's counsel by the Postal Service. As such, this matter is timely filed.

11. That, this Complaint is being filed under the provisions of the Federal Tort Claims Act, in accordance with 28 U.S.C. § 2401(b).

2

## THE PARTIES

12.    Plaintiff is an adult citizen, domiciliary and resident of the City of Long Beach, County of Nassau and State of New York.

13.    The UNITED STATES POSTAL SERVICE was and is a "Federal Agency" pursuant to 28 U.S.C. § 2671.

14.    The UNITED STATES POSTAL SERVICE is owned, operated and is under the direction and control of the United States Government and THE UNITED STATES OF AMERICA.

15.    Defendant, UNITED STATES POSTAL SERVICE is an independent agency of THE UNITED STATES OF AMERICA which owns, operates, manages, directs and controls the Post Office located at 367 Long Beach Road, Island Park, County of Nassau and State of New York.

16.    Defendant, THE UNITED STATES OF AMERICA, is an appropriate defendant under the Federal Tort Claims Act.

17.    Defendant, UNITED STATES POSTAL SERVICE is a Governmental Agency headquartered at 475 L'Enfant Plaza SW, Washington, DC 20590.

## FACTUAL ALLEGATIONS

18.    On or about April 13, 2012 at approximately 2:30 p.m. the plaintiff was precipitated to trip and fall while attempting to walk into the Island Park United States Post Office located at 367 Long Beach Road, Island Park, New York and more particularly plaintiff tripped on a raised slab of sidewalk located near the northernmost of the two ramps leading into the Post Office entrance.  The raised sidewalk slab was located just south of between the tree near the curb and the northernmost entrance ramp leading into the post office entrance.  The Plaintiff was caused to sustain severe

3

and permanent injuries as a result of the defendants' ownership, operation, maintenance, care and/or use of the Island Park Post Office and sidewalk area in front of the United States Post Office.

19. Upon information and belief, during all times mentioned in this complaint, the Defendants', their agents, servants, employees and/or contractors were acting in their individual and official capacity, under color of law, to wit, under color of the constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the United States.

## TRIAL BY JURY

20. Plaintiff demands a Trial by Jury.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF MARY VERONICA GILLIGAN

21. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 20 of this complaint as if fully set forth herein.

22. That at all times hereinafter mentioned, the property more commonly known and designated as 367 Long Beach Road, Island Park, County of Nassau, State of New York had a U.S. Post Office erected thereon for public use.

23. That at all times hereinafter mentioned and prior thereto, the property more commonly known and designated as the U.S. Post Office, located at 367 Long Beach Road, Island Park, County of Nassau, and State of New York had a pedestrian walkway/sidewalk and entrance ramp erected thereon for public use.

24. That at all times hereinafter mentioned, the defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE was the owner

4

of the land, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau and State of New York.

    25.    That at all times hereinafter mentioned, the defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE was the owner of the premises, erected thereon more commonly known and designated as the U.S. Post Office, located at 367 Long Beach Road, Island Park, County of Nassau and State of New York.

    26.    That at all times hereinafter mentioned, the defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, was the owner of a certain pedestrian walkway/sidewalk and entrance ramp erected thereon of the premises, more commonly known and designated as the U.S. post Office at 367 Long Beach Road, Island Park, County of Nassau and State of New York.

    27.    That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees, operated the land, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

    28.    That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees, leased the land, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

    29.    That at all times hereinafter mentioned, and prior thereto, the defendants, THE UNITED STATES OF AMERICAN and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees operated the premises and erected thereon more

commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau and State of New York.

30. That at all times hereinafter mentioned, and prior thereto, the defendants UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees operated a certain pedestrian walkway/sidewalk and entrance ramp erected thereon of the premises, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, New York, County of Nassau, State of New York.

31. That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees maintained the land, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

32. That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees maintained the premises erected thereon, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

33. That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees maintained the pedestrian walkway/sidewalk and entrance ramp erected thereon of the premises more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

34. That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE,

6

its agents, servants and/or employees supervised the land, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

35.     That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees supervised the premises erected thereon more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

36.     That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA, d/b/a THE UNITED STATES POSTAL SERVICE/POST OFFICE, its agents, servants and/or employees supervised the pedestrian walkway/sidewalk and ramp entrance area erected thereon more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

37.     That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees controlled the land, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

38.     That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees controlled the premises, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

39.     That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE,

its agents, servants and/or employees controlled the pedestrian walkway/sidewalk and entrance ramp, erected thereon of the premises, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

40.    That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees inspected the land, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

41.    That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees inspected the premises, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

42.    That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees inspected the pedestrian walkway/sidewalk and entrance ramp erected thereon of the premises more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

43.    That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees constructed the pedestrian walkway/sidewalk and entrance ramp erected thereon of the premises more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

8

44. That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees repaired the land more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

45. That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees repaired the premises erected thereon, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

46. That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees constructed the premises erected thereon, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Town of Hempstead, County of Nassau, State of New York.

47. That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees repaired the pedestrian walkway/sidewalk and entrance ramp erected thereon at the premises more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

48. That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees constructed the pedestrian walkway/sidewalk and entrance ramp erected thereon at the premises more commonly known and designated

as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

49. That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees had the duty to maintain the premises, erected thereon more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

50. That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees had the duty to maintain the land, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

51. That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees had the duty to maintain the pedestrian walkway/sidewalk and entrance ramp erected thereon of the premises more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, Town of Hempstead, County of Nassau, State of New York.

52. That on April 13, 2012, the plaintiff, MARY VERONICA GILLIGAN, was lawfully and legally walking on the pedestrian walkway/sidewalk near the northernmost entrance ramp erected thereon and leading into the premises, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

53. That on April 13, 2012, the plaintiff, MARY VERONICA GILLIGAN, was caused to trip and fall and be injured and sustain severe and permanent personal injuries while lawfully traversing the pedestrian walkway/sidewalk near the northernmost

10

entrance ramp erected thereon and leading into the premises, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York as she was attempting to enter the Post Office thereat.

54.     That on April 13, 2012, and for a period of time prior thereto, the aforementioned land and/or pedestrian walkway/sidewalk and entrance ramp area erected thereon the premises more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York, existed in a dangerous, hazardous, unsafe, uneven, misaligned, raised, and defective condition.

55.     That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees had the duty to maintain the land, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York, in a reasonably safe condition for those lawfully walking thereat and thereon.

56.     That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees had the duty to maintain said premises erected thereon, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York, and more particularly the sidewalk slabs leading onto the northernmost entrance ramp in a reasonably safe condition for those lawfully walking thereat and thereon.

57.     That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees had the duty to maintain said pedestrian walkway/sidewalk and the entrance ramp area thereon of the premises more commonly

known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York, in a reasonably safe condition for those lawfully walking thereat and thereon.

58.    That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees had the duty to make reasonable inspections of the land and the pedestrian walkway/sidewalk and the entrance ramp area thereon more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

59.    That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees had the duty to make reasonable inspections of the premises erected thereon, including the pedestrian walkway/sidewalk and the entrance ramp area thereon more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

60.    That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees had the duty to make reasonable inspections of the pedestrian walkway/sidewalk and the entrance ramp area erected thereon more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

61.    That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees had the duty to make reasonable repairs to the land and specifically the pedestrian walkway/sidewalk and the entrance ramp area

12

erected thereon more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

62.    That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees had the duty to make reasonable repairs to the premises and specifically the pedestrian walkway/sidewalk and the entrance ramp area erected thereon more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

63.    That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees had the duty to make reasonable repairs to the pedestrian walkway/sidewalk and the entrance ramp area erected thereon more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York.

64.    That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees failed to maintain the land and the pedestrian walkway/sidewalk and the entrance ramp area thereat more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York, in a reasonably safe and suitable condition and repair for those lawfully walking thereon.

65.    That at all times  hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees failed to maintain the premises erected thereon including the pedestrian walkway/sidewalk and the entrance ramp area thereat more commonly known and designated as the U.S. Post Office at 367 Long Beach Road,

13

Island Park, County of Nassau, State of New York, in a reasonably safe and suitable condition and repair for those lawfully walking thereon.

66. That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees failed to maintain the pedestrian walkway/sidewalk and the entrance ramp area erected thereon of the premises more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York, in a reasonably safe and suitable condition and repair for those lawfully walking thereon including those members of the public using said pedestrian walkway/sidewalk and the entrance ramp area for ingress and egress from the United States Post Office located thereat including the herein named plaintiff, MARY VERONICA GILLIGAN.

67. That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees had a duty to maintain the land, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York, in a reasonably safe and suitable condition and repair for those lawfully walking thereon including those members of the public using said pedestrian walkway/sidewalk and the entrance ramp area for ingress and egress from the United States Post Office located thereat including the herein named plaintiff, MARY VERONICA GILLIGAN.

68. That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees had a duty to maintain the premises erected thereon, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York, in a reasonably safe

14

and suitable condition and repair for those lawfully walking thereon including those members of the public using said pedestrian walkway/sidewalk and the entrance ramp area for ingress and egress from the United States Post Office located thereat including the herein named plaintiff, MARY VERONICA GILLIGAN.

69.     That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees had a duty to maintain the pedestrian walkway/sidewalk and entrance ramp area erected thereon at the premises, more commonly known and designated as the U.S. Post Office at 367 Long Beach Road, Island Park, County of Nassau, State of New York, in a reasonably safe and suitable condition and repair for those lawfully walking thereon including those members of the public using said pedestrian walkway/sidewalk and the entrance ramp area for ingress and egress from the United States Post Office located thereat including the herein named plaintiff, MARY VERONICA GILLIGAN.

70.     That at all times hereinafter mentioned, and prior thereto, defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, its agents, servants and/or employees created the defective sidewalk condition by planting and/or failing to properly maintain and inspect the tree located next to the raised sidewalk slab near the northernmost ramp leading into the Island Park Post Office.

71.     That the plaintiff, MARY VERONICA GILLIGAN's trip and fall at the Island Park Post Office and resulting serious injuries sustained by the plaintiff were caused as a direct and proximate result and consequence of the negligent, careless, reckless and wanton conduct and disregard for the well being of the plaintiff by the defendants, their agents, servants and/or employees; in failing to properly own, operate, manage, maintain, supervise, control, inspect, and repair the existing pedestrian walkway/sidewalk and entrance ramp area; in allowing the pedestrian walkway/sidewalk

15

and entrance ramp area to be and remain in a defective and dangerous condition at the location described herein; in planting and/or failing to maintain trees abutting the sidewalk which led to the defective condition and in otherwise causing the damages sustained by the plaintiff.

72. That the accident and injuries resulting therefrom were solely and wholly the result of the negligence of the defendants, their agents, servants and/or employees without any culpable conduct or lack of care on the part of the plaintiff contributing thereto.

73. That by reason of the foregoing, the plaintiff, MARY VERONICA GILLIGAN, sustained severe and permanent personal injuries, was rendered sick, sore, lame and disabled and so remains that she was forced to seek and still undergoes medical aid and attention.

74. That as a result of all of the foregoing causes of action, the negligence of the defendants arose from, amongst other things, non delegable duties, the reckless disregard for the safety of others and from the doctrine of respondent superior within the meaning of CPLR § 1602(2); accordingly, to the extent that "limited liability" would impair, modify, abrogate or restrict plaintiff's rights to a judgment for monetary damages against this defendant, the defendant is not entitled to invoke the limited liability provisions of CPLR Article 16.

75. That this action falls within one or more of the exceptions of Article 16 of the Civil Practice Laws and Rules of the State of New York.

76. That as a consequence of the foregoing negligence by the Defendants, the plaintiff, MARY VERONICA GILLIGAN, has sustained monetary damages and pain and suffering in an amount according to the proof and exceeding the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this case and demands a trial by jury.

**WHEREFORE**, the plaintiff, MARY VERONICA GILLIGAN, demands judgment against the defendants, each of them, jointly and severally, based upon the causes of action, in the amount of $2,500,000.00 plus interest, costs and disbursements of this action and for such other and further relief in favor of the Plaintiff that the Court deems just and proper under the circumstances.

Dated: July 29, 2014
      Long Beach, New York

                                    Yours, etc.,

                   By:

                                      Sean W. Schaefer, Esq. (5732)
                                      **PEKNIC, PEKNIC & SCHAEFER**
                                      Attorneys for Plaintiff
                                      1005 West Beech Street
                                      Long Beach, New York 11561
                                      (516) 432-9400